UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :

MATTHEW LOWERY,                       :

                        Plaintiff,     :

                                :         13-CV-3957 (JPO)

              -v-                  :

                                :        OPINION AND ORDER

HOME DEPOT, 168th STREET, JAMAICA, NY, :
PARTAP PATESH, ERIC GONZALEZ,    :
JOSEPH CASERTA, AND THE 103rd     :
PRECINCT OF THE NEW YORK CITY    :
POLICE DEPARTMENT,             :

                      Defendants. :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       Plaintiff Matthew Lowery brings this action *pro se* against a Home Depot store in

Queens, New York ("Home Depot"); two of its employees, Partap Pratesh and Eric Gonzalez;

New York City Police Officer Joseph Caserta; and the 103rd Precinct of the New York City

Police Department ("NYPD"), alleging violations of his constitutional rights under 42 U.S.C.

§ 1983, as well as the torts of false imprisonment and wrongful arrest.  Defendants Home Depot,

Pratesh, Gonzalez, and Caserta have moved for judgment on the pleadings under Federal Rule of

Civil Procedure 12(c).  For the reasons that follow, their motions are granted.

**I.**      **Background**[1]

       On March 25, 2011, Plaintiff went to Home Depot to buy a drain trap.  Pratesh was the

security guard on duty that day.  Concerned that Plaintiff was secreting the trap—a pipe-like

device—in his pocket, Pratesh confronted him and said "I saw you put that pipe in your pocket,

if you let me see the one behind your zipper, I'll let you keep them both."  (Dkt. No. 2,

_____

[1] The facts below are based on Plaintiff's complaint and are taken as true for the purpose of these
motions.

Complaint, at 3.)  Plaintiff interpreted the statement as a "wrongful accusation of theft" accompanied by an implication that "homosexual [behavior would] cure" the allegation.  (*Id.*)  Plaintiff immediately reported the incident to another Home Depot employee and promptly left the store.

Later that day, Gonzalez—also a Home Depot employee—called the police to report an armed robbery at the store.  Pratesh took the phone during Gonzalez's call to add allegations of shoplifting, armed robbery, and attempted murder.  Caserta—an NYPD officer—arrived on the scene shortly thereafter and apprehended Plaintiff.  Caserta took Plaintiff to the 103rd Precinct, where Pratesh confirmed that he (Pratesh) was "acting under color of state law" (*id.*), submitted a false report, and gave Caserta an altered videotape.  *Id.*  (Presumably, this was a videotape of the alleged armed robbery, doctored to make Plaintiff appear to be the robber.)  Plaintiff was arraigned on charges of armed robbery, assault, and attempted murder the next day—for which charges he was ultimately indicted by a Grand Jury—and was held on $50,000 bail for the first two charges and an additional $50,000 bail for the attempted murder charge.  (*See* Dkt. No. 46, Reply Declaration of Elfenbein, at 2 (admitting that "the undersigned misread the bail sheet annexed as Exhibit D to [his first] Declaration and plaintiff may indeed have had an additional $50,000 bail set for [attempted murder].").)

Plaintiff's criminal case went to trial on March 27, 2013.  At trial, there were many inconsistencies in the government's case and in the Defendants' stories.  Pratesh and Gonzalez lied at the trial, claiming to have seen things they could not possibly have seen and misrepresenting Home Depot's security policy.  Pratesh claimed to be a security guard when, in fact, he is a law enforcement officer.  Caserta, for his part, openly acknowledged that he falsified the criminal complaint and testified falsely and in bad faith.  Plaintiff was convicted of armed

robbery and sentenced to 25 years in prison.  (*See* Elfenbein Declaration, Exhibit C (Queens County Certificate of Disposition).)[2]

## II.    Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a complaint is said to have facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Pro se status does not . . . excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure." *Payen v. Oldcastle Precast, Inc.*, No. 10-CV-00887(BSJ), 2012 WL 5873595, at *1 (S.D.N.Y. Nov. 19, 2012) (citations omitted).  Courts nevertheless read pro se complaints liberally and interpret them as raising the strongest arguments they suggest.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (citation omitted).  Accordingly, on a Rule 12(c) motion, the Court must also accept as true the non-movant's allegations and draw all reasonable inferences in the nonmovant's favor.  *See id.*; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

---

[2] Plaintiff's certificate of disposition is not part of his complaint, to which the Court's review is ordinarily confined on a motion to dismiss.  *See, e.g.*, *Brass v. Am. Film. Techs.*, 987 F.2d 142, 150 (2d Cir. 1993).  The Court, though, takes judicial notice of Plaintiff's conviction and the documentation establishing it. *E.g.*, *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993).  Either way, Plaintiff alleges that he was, in fact, convicted of armed robbery as part of his allegations of damages.  (Complaint, at 3.)

### III.   Discussion

Plaintiff alleges that Caserta, Gonzalez, Pratesh, and Home Depot violated his rights under color of state law.  (Complaint, at 3.)  Section 1983 only covers state actors.  *Compare The Civil Rights Cases,* 109 U.S. 3, 11 (1883) ("It is State action of a particular character that is prohibited [by the Fourteenth Amendment]"), *with Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 935 (1982) (holding that the state action requirement of the Fourteenth Amendment and the "under color of state law" requirement of § 1983 are identical).  Therefore, Plaintiff can prevail on this claim only if the defendants are state actors.  Caserta admits that he is a state actor, but the remaining defendants contend that they are not.

A private party can become a state actor for § 1983 purposes when she "operates as a willful participant in joint activity with the State or its agents . . . ."  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 291 (2001).  But "a private party who calls police officers for assistance or provides them with information that may lead to an arrest of an individual does not become a state actor rendering that party liable under § 1983 to the person detained, unless the police officers were improperly influenced or controlled by the private party . . . ."  *Fisk v. Letterman*, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005).  Even reading Plaintiff's complaint as charitably as possible, there is no plausible allegation that Pratesh and Gonzalez "controlled" Caserta.  *Id.*  Similarly, private parties can be liable for conspiracy to violate rights protected under § 1983.  *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir.2002).  To state a claim for a § 1983 conspiracy, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  *Id.*  Plaintiff has not alleged any facts giving rise to a reasonable inference that Pratesh and Gonzalez conspired with the police here.  Finally, Plaintiff's bald allegation that Pratesh is, in fact, a law enforcement

official is not supported by factual allegations sufficient to give rise to a reasonable inference that it is true. Therefore, the § 1983 claims against Pratesh, Gonzalez, and Home Depot must be dismissed.

Next, Plaintiff alleges that Defendant Caserta willfully and maliciously deprived him of his constitutional rights to due process and a fair trial and wrongfully arrested him. Defendant Caserta argues that Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars § 1983 suits where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his [state criminal] conviction or sentence" and that conviction or sentence has not yet been set aside by the state courts. *Id.* at 486. On the malicious prosecution claim, a finding of liability against Caserta would require finding that Plaintiff's state conviction was invalid. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). Therefore, Plaintiff's malicious prosecution claim is barred by *Heck* and must be dismissed.

Plaintiff also alleges that Caserta falsely arrested him, which is a tort under New York law, and plausibly a violation of the Fourth Amendment. But probable cause for the arrest means that the arrest was not legally wrongful. *See Jones v. King*, 2011 WL 4484360, at *19 (S.D.N.Y. Sept. 28, 2011); *see also Singer*, 63 F.3d at 119 (lack of favorable termination of a criminal case does not bar claim for false arrest but probable cause for the arrest does). And there was probable cause to arrest Plaintiff. "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Id.*

Plaintiff correctly notes that this tort action is not barred by the rule in *Heck*. Indeed, his arrest for attempted murder never resulted in conviction, and he was given an additional $50,000

bail for that charge, suggesting the possibility that he was damaged by it. *See id.*  But Plaintiff has not pleaded that he could have paid the $50,000 bail set for the robbery charge of which he *was* convicted.  Therefore, Plaintiff would have been in jail awaiting trial on the armed robbery charge and so he cannot allege that the attempted murder charge—which was ultimately dismissed—resulted in a distinct injury.  *See Walker v. Sankhi*, 494 Fed. App'x 140, 143 (2d Cir. 2012) ("Walker could not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted.").  Therefore, Plaintiff's claims against Caserta must be dismissed.[3]

Finally, Plaintiff's complaint can be read to raise various state-law torts against Defendants Pratesh, Gonzalez, and Home Depot.  Now that Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the state claims.  Plaintiff, if he chooses, may file those claims in the appropriate New York State courts.

## IV.  Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED.  The Clerk of Court is directed to close the motions at Docket Numbers 36 and 40 and to close this case.

SO ORDERED.

Dated: October 14, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Because no underlying constitutional violation can plausibly be alleged, Plaintiff's pattern-and-practice claim against the 103rd Precinct must be dismissed as well.  *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

6

Copies mailed to Pro Se party by chambers